IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JACK D. STARLING                                                                                          PLAINTIFF

vs.                                              Civil No. 4:12-cv-04118

CAROLYN W. COLVIN                                                                                     DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Jack D. Starling ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed his DIB and SSI applications on October 19, 2009.  (Tr. 19, 107-114).  Plaintiff alleges being disabled due to degenerative disc disease.  (Tr. 146).  Plaintiff alleges an onset date of February 24, 2003.  (Tr. 19, 107, 111).  These applications were denied initially and again upon reconsideration.  (Tr. 58-61).  Thereafter, Plaintiff requested an administrative hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

on his applications, and this hearing request was granted. (Tr. 65-80). This hearing was held on December 3, 2010 in Texarkana, Arkansas. (Tr. 35-57). Plaintiff was present at this hearing and was represented by counsel. *Id.* Only Plaintiff testified at this hearing. *Id.* During this hearing, Plaintiff testified he was forty-nine (49) years old. (Tr. 38). Such an individual is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). Plaintiff also testified he had completed the eleventh grade in high school. (Tr. 39).

On April 27, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 19-30). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2010. (Tr. 21, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 24, 2003, his alleged onset date. (Tr. 21, Finding 2). The ALJ determined Plaintiff has the following severe impairment: degenerative disc disease ("DDD") of the lumbar spine. (Tr. 21, Finding 3). The ALJ also determined, however, that Plaintiff's impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 22, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 22-28, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"), and the ALJ found Plaintiff would be unable to perform any of his PRW. (Tr. 28, Finding 6). The ALJ then evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 29, Finding 10). In making this determination, the ALJ applied the Medical-Vocational Guidelines or "The Grids." *Id.* Specifically, the ALJ applied Rule 202.17 and 202.10 of the Grids. *Id.* These rules directed a result of "not disabled." *Id.* Accordingly, the ALJ found Plaintiff had not been under a disability, as defined by the Act, at any time from his alleged onset date of February 24, 2003 through date of the ALJ's decision or through April 27, 2011. (Tr. 29, Finding 11).

Thereafter, Plaintiff requested the Appeal Council's review of the ALJ's unfavorable decision, and, on September 11, 2012, the Appeals Council denied this request for review. (Tr. 1-4). On October 2, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 16, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8, 10. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

3

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ improperly determined none of his impairments met the requirements of the Listings; (2) the ALJ failed to fully and fairly develop his vocational profile; (3) the ALJ did not give proper consideration to his chronic pain; and (4) the ALJ erred in discrediting the opinion of his treating physician. ECF No. 8 at 1-21. In response, Defendant argues Plaintiff has not met his burden of establishing his impairments meet the requirements of a Listing, the ALJ properly considered his medical evidence, the ALJ properly assessed his credibility, and the ALJ properly found he was not disabled. ECF No. 10 at 3-11. Because the ALJ erred in mechanically applying the Grids, the Court will only address Plaintiff's second argument for reversal.

The Medical-Vocational Guidelines or "the Grids" are used to evaluate the claimant's age, education, past work experience, and RFC in order to determine whether that claimant is disabled. The Grids, however, cannot be mechanically applied in all cases. *See Asher v. Bowen,* 837 F.2d 825, 827-28 (8th Cir. 1988). If a claimant suffers from a "significant" nonexertional impairment that diminishes that claimant's ability to perform a full range of work (sedentary or otherwise), then the ALJ may not rely upon the Grids. *See Sanders v. Sullivan,* 983 F.2d 822, 823-24 (8th Cir. 1992). Instead, the ALJ must rely upon the testimony of a vocational expert or other similar evidence to determine whether the claimant is disabled. *See id.*

In the present action, the ALJ recognized Plaintiff suffered from the nonexertional impairment of back pain, and the ALJ also found Plaintiff's degenerative disc disease was a severe impairment. (Tr. 21-28). Although the Parties dispute whether that back pain is actually disabling, Plaintiff's medical records overwhelmingly support his claim that he suffers from medically-documented back pain. (Tr. 212-500). Despite this fact, the ALJ still applied the Grids and did not hear testimony from a vocational expert. (Tr. 29, Finding 10). In making this determination, it is unclear how the ALJ came to the conclusion that this nonexertional impairment was not "significant." *Id.* Indeed, the ALJ did not even directly address this issue in his opinion. (Tr. 22-28).

Based upon his opinion, it appears the ALJ may have based this decision–and his assessment of Plaintiff's RFC– upon the findings of two non-examining, non-treating physicians, Drs. Suer and Payne. (Tr. 27-28). Their opinions, however, do not provide substantial evidence to support the ALJ's decision or provide sufficient evidence to demonstrate this nonexertional impairment is not "significant." *See, e.g., Charles v. Barnhart,* 375 F.3d 777, 783 (8th Cir. 2004) (holding that generally when a consulting physician examines a claimant only once, his opinion is not substantial evidence).

This is especially true because their findings are not consistent with those of the only consulting physician who actually examined Plaintiff, Dr. Brian Thomas Oge, M.D. (Tr. 379-384). Notably, Dr. Oge found Plaintiff suffered from degenerative disc disease and, as a result, had "[s]evere limitation to heavy or prolonged lifting, carrying, pushing, or pulling, stooping, bending or squatting. Also with moderate limitation to prolonged still standing or sitting." (Tr. 384). Such findings indicate his back pain was a "significant" nonexertional impairment. Accordingly, because

6

it is unclear whether the ALJ properly found Plaintiff's back pain was not a "significant" nonexertional impairment, the Court also cannot determine whether the Grids were properly applied in this case.  As such, this case must be reversed and remanded.  *See Sanders,* 983 F.2d at 823-24.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 26th day of September 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE